IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JIMMY D. BURDETTE                                                                           PETITIONER

V.                               NO.  2:07-CV-02082-RTD

CITY OF VAN BUREN ARKANSAS
VAN BUREN CITY ATTORNEY
VAN BUREN POLICE DEPARTMENT                                              DEFENDANTS

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the undersigned for report and recommendation is the petitioner's Habeas Corpus Petitions (Doc. 1) filed August 9, 2007.  The Petitioner has not set forth which section of the code he is proceeding under but in the prayer for relief he does petition "[T]hat the conviction from the lower court be vacated and that the charges dismissed for administrative error."  He also petitions that the "suspension of the license be lifted" and that his record "be expunged."  The court will construe the Petitioner's complaint as an action under 28 U.S.C. section 2254.

**I.  Background**

The Petitioner was arrested for DWI 1st offense on February 23, 2007 and was subsequently convicted of DWI 1st offense on May 3, 2007 by the Crawford County District Court  and sentenced to 10 days in jail with 9 days suspended, $605.00 fine and $300.00 in costs. (Doc. 1, Attachment 1) According to the complaint filed by the Petitioner, the Petitioner  has appealed the District Court's conviction and no final disposition has occurred. (Doc. 1)

**II.  Discussion**

The Petitioner contends that the trial judge committed  error when he allowed testimony of the walk and turn test conducted by the arresting officer.  He also contends the trial judge

committed error by allowing the results of the portable breathalyser into the trial and that the breath test performed at the police station was not done properly.  The Petitioner contends that as a result of these alleged errors the conviction from the Crawford County District court should be revered.

Section 2254 of Title 28 of the United States Code provides in part as follows:

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person **in custody** pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

(b)
    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
        (A) the applicant **has exhausted** the remedies available in the courts of the State; or
        (B)
            (i) there is an absence of available State corrective process; or
            (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

The Petitioner claim in the instant case must fail because he has not exhausted his State remedies. The Petitioner has acknowledged in his complaint that he has appealed his case.  An application for a writ of habeas corpus ... shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner. *Mellott v. Purkett*  63 F.3d 781, *784 (C.A.8 (Mo.),1995)

The appeal to the Circuit Court for the 21st Judicial Circuit would be de novo and the

court would not be bound by any rulings or admissions made in the District Court. *See ARCrP* 36(g)  If evidence was admitted at the Circuit court trial that the Petitioner believed was admitted in error the Petitioner would still have to appeal to the Court of Appeals for review in order to exhaust his state court remedies. See *Ark. R. App. P.- Cr.* (1) Since the Petitioner has not exhausted his State court remedies his petition must be dismissed.

### III. Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. Section 2254, be dismissed without prejudice, that no service issue as to the Defendants, City of Van Buren, Arkansas, Don Jenkins and Officer Todd Musgraves.

**The Petitioner shall have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 17th day of August 2007

*/s/ J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE